UNITED STATES of America, Plaintiff,

v.

PROPERTY IDENTIFIED AS 410 11TH STREET, N.E. UNIT NUMBER 23 WASHINGTON, D.C., Further Described as Square 962, Lot 2028, Defendant.

Civ. A. No. 95–1813 (RMU).

United States District Court, District of Columbia.

Oct. 26, 1995.

William Barrett Wiegand, III, Asst. U.S. Atty., Asset Forfeiture Unit, U.S. Attorney's Office, Washington, DC, for Plaintiff.

Anna Calderon, Joel William Anders, Joel W. Anders, P.C., Washington, DC, for Defendant.

## ORDER

URBINA, District Judge.

This matter came before the Court at a status conference held October 20, 1995, at which time the Court considered Claimant Gloria Smith's Motion For Immediate Relief Pending A *James Good* Hearing. Based upon the arguments of counsel, the entire record herein, including the sworn Affidavit In Support Of An Application For A Seizure Warrant, and for the reasons stated by the Court orally at the status conference, which are incorporated herein, the Court makes the following findings of fact, conclusions of law, and issues this Order:

(1) This is a civil action *in rem* in which plaintiff United States seeks forfeiture of a condominium unit, No. 23, at 410 11th Street, N.E., under 21 U.S.C. § 881(a)(7). The action was filed September 21, 1995, alleging that the defendant condominium unit was used to facilitate felony violations of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.* On the same date, based upon exigent circumstances, the United States applied for a warrant to seize the defendant condominium unit. U.S. Magistrate Judge Patrick Attridge issued the seizure warrant on September 21, 1995. It was executed on September 26, 1995, which resulted in the ouster of the defendant condominium's resident, the claimant Gloria Smith. She remains unable to reside at the unit as a result of this process.

(2) Neither party disputes that claimant Smith is the legal owner of the defendant condominium unit. It appears that she bought the unit in 1985. In response to the forfeiture action, Ms. Smith filed a Verified Claim to the property and an Answer to the complaint, denying the government's key allegations. No other party has filed a claim. At the status conference, through counsel, claimant Smith asked the Court to let her move back into the defendant condominium until this case is decided. She also proposed certain conditions on her re-entry to the unit, which she contends would secure the government's interests during the litigation. The government opposed letting Ms. Smith move back to the condominium.

(3) The parties agree that the Supreme Court's decision in *United States v. James Daniel Good Real Property,* —— U.S. ——, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993), governs the issues before the Court. *Good* holds that unless there are exigent circumstances, it is unconstitutional for the government to seize real property in a civil forfeiture action without giving the owner notice and an opportunity to be heard before the seizure. *Id.* at ——, 114 S.Ct. at 505. *Good* states: "To establish exigent circumstances, the Government must show that less restrictive measures—i.e., a *lis pendens,* restraining order, or bond—would not suffice to protect the Government's interests in preventing the sale, destruction, or continued unlawful use of the real property." *Id.* Neither party has been able to find a reported or unreported decision defining what exigent circumstances permit the constitutional seizure of real property without prior notice and hearing, as happened in this case.

(4) For the limited purpose of deciding whether the claimant may move back into Unit 23, the Court accepts as true the facts that a police detective swore to in the Affidavit In Support Of An Application For A Seizure Warrant. Claimant offered no evidence or testimony to refute these facts; neither could claimant identify any inaccuracy in the affidavit, when asked by the Court. The affidavit recounts that police executed search warrants at Unit 23, 410 11th Street, N.E., four times: (1) January 22, 1993; (2) October 22, 1993; (3) March 3, 1994; and, February 6, 1995. The basis for each of the first three warrants was the purchase of cocaine base from someone in Unit 23. The basis for the fourth warrant was information that a David Blair, also known as David

**160**

Blair-el, was selling cocaine base in front of 410 11th Street, N.E., while living in Unit 23 and using it as a base for his drug-dealing. Claimant Smith was in the unit when each of the four warrants was served. Ms. Smith and cocaine base were found in Unit 23 during the execution of the first and second warrants, and she was arrested both times. When the third warrant was served, police found drug paraphernalia. When serving the fourth warrant, police found heroin in Smith's purse, and seized an identity card belonging to Blair and drug paraphernalia. When Blair was arrested outside 410 11th Street, N.E., on February 6, 1995, he told police he lived at Unit 23, 410 11th Street, N.E. This is documented on the Metropolitan Police Department PD 163 Arrest/Prosecution Report in Blair's case, which indicates that he was arrested after selling undercover officers a total of nearly 80 grams of cocaine base during four separate purchases.

(5) In addition to the search warrants, arrests, and use of the defendant condominium by Blair, the seizure warrant affidavit recounts that narcotics-related activity continued after Blair's arrest in February 1995. The affidavit indicates that the residents in the neighboring condominia complained of drug-connected events emanating from Unit 23 up to the very day affidavit was submitted to the magistrate judge. This included an incident on September 5, 1995, when Ms. Smith's alleged husband stabbed another man at Unit 23, because the victim had been selling drugs there.

▮ (6) The Court finds that there were no less restrictive measures than those taken—i.e., a *lis pendens,* restraining order, or bond—that would have sufficed to protect the government's, as well as the community's, interests in preventing the continued unlawful use of Unit 23 at 410 11th Street, N.E. The on-going drug-related activity recounted in the seizure warrant affidavit was not stopped by Ms. Smith's arrests, the execution of multiple search warrants, or the arrest of David Blair. This constituted the kind of exigent circumstances that justified the action taken by the government, and approved by a magistrate of this Court.

(7) Nor does the Court find that the claimant can be permitted at this time to return to live in Unit 23 under the conditions she proposed. Past behavior predicts future action: this Court finds that the record of on-going drug activity at 410 11th Street, N.E., documented in the seizure warrant affidavit, gives no basis for believing that the defendant unit will be used lawfully if Ms. Smith returns to it. This ruling will remain in effect until this action is decided, and the Court notes specifically that it has been assured by the parties, especially the government, that they will move speedily to bring this matter to trial, should that prove necessary.

Based upon the foregoing findings and conclusions, it is by the Court this 26 day of October

ORDERED that claimant Smith's Motion For Immediate Relief Pending A *James Good* Hearing be, and the same hereby is, DENIED.